IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>      v.<br><br>BRIAN KEITH MCGUIRE,<br><br>                    Defendant. | Case No. 3:14-cr-00116-TMB-1<br><br>**ORDER ON MOTION TO VACATE,<br>SET ASIDE, OR CORRECT SENTENCE<br>PURSUANT TO 28 U.S.C. § 2255<br>(DKT. 78)** |

## I.    INTRODUCTION

The matter comes before the Court on Defendant Brian Keith McGuire's Motion to Vacate, Set Aside, or Correct pursuant to 28 U.S.C. § 2255 (the "Motion").[1] The Motion seeks to withdraw McGuire's guilty plea on the grounds that it was involuntary due to ineffective assistance of counsel.[2] Alternatively, the Motion requests that McGuire be resentenced.[3] McGuire initially filed his Motion to Vacate *pro se*; then, after the Court granted his Motion to Appoint Counsel,[4] McGuire filed a First Amended Motion to Vacate.[5] The United States opposes the Motion.[6] The parties did not request an oral argument and the Court finds it would not be helpful. For the reasons stated below, McGuire's Motion to Vacate are **DENIED**.

---

[1] Dkts. 78 (Motion to Vacate).

[2] *Id.* at 1.

[3] *Id.*

[4] Dkt. 82 (Order Regarding Section 2255 Proceedings and Appointment of Counsel).

[5] Dkt. 94 (First Amended Motion to Vacate).

[6] Dkt. 115 (Response in Opposition).

## II.    BACKGROUND

This case arises out a guilty plea entered by McGuire, in which he admitted to sexually abusing his 15-year-old step-daughter, Juvenile A, and to creating at least 300 images and 48 videos of that abuse.[7] On September 9, 2014, Juvenile A disclosed that she had been abused by McGuire to her volleyball coach.[8] Juvenile A was later forensically interviewed by the Anchorage Police Department ("APD") and stated that she believed McGuire recorded the abuse on his iPhone.[9] The APD applied for, received, and executed a search warrant on McGuire's residence on September 9, 2014.[10] During the search, APD seized several of McGuire's electronic devices including two Asus laptops and accompanying hard drives.[11] APD's forensic analysis of the laptop and hard drives revealed that they contained child pornography, including images and videos of McGuire abusing Juvenile A.[12] The State of Alaska issued a no-bail warrant for McGuire's arrest on November 26, 2014.[13]

On December 16, 2014, the United States indicted McGuire for crimes related to his sexual exploitation of Juvenile A.[14] The Indictment alleged six counts: three counts of Permitting a Minor to Engage in Sexually Explicit Conduct for the Production of Child Pornography in violation of

---

[7] Dkt. 106 at 26–29 (Change of Plea Transcript).

[8] Dkt. 42 at 12 (Final Presentence Report).

[9] Dkt. 115 at 3.

[10] Dkt. 42 at 12–13.

[11] *Id.* at 12 n.5.

[12] *Id.* at 12–13.

[13] Dkt. 115 at 3.

[14] Dkt. 2 (Indictment).

18 U.S.C. §§ 2251(b) and (e), and three counts of Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and (e).[15] At the time, McGuire was in the State of Alaska's custody awaiting trial for 48 counts of Sexual Abuse in the First Degree in violation of AS 11.41.434(a)(2), Sexual Abuse of a Minor in the Second Degree in violation of AS 11.41.436(a)(3), Unlawful Exploitation of a Minor in violation of AS 11.41.455(a)(1) and (2), and the Possession of Child Pornography in violation of AS 11.61.127(a).[16]

McGuire was arraigned on the federal charges on December 22, 2014 and pleaded not guilty.[17] At some point after arraignment, McGuire retained the services of Attorney John M. Murtagh ("Counsel") who was also representing McGuire in the state prosecution.[18] At all relevant times during his state and federal prosecutions, McGuire was represented by Counsel.[19]

After negotiating a Plea Agreement[20] with the United States, McGuire notified the Court he intended to change his plea to guilty.[21] Under the terms of the Plea Agreement, McGuire agreed to plead guilty to Counts 1 and 4—*i.e.*, one count of Permitting a Minor to Engage in Sexually Explicit Conduct for the Production of Child Pornography, 18 U.S.C. §§ 2251(b) and (e); and one

---

[15] *Id.*

[16] *State of Alaska v. McGuire*, 3AN-14-10779CR.

[17] Dkt. 7 (Minute Entry Arraignment).

[18] Dkt. 6 (Notice of Appearance).

[19] Dkt. 115-21 at 1.

[20] Dkt. 38 (Plea Agreement).

[21] Dkt. 36 (Notice of Intent to Change Plea).

count of Production of Child Pornography, 18 U.S.C. §§ 2251(a) and (e).[22] The rest of the charges would be dismissed.[23] McGuire entered a guilty plea on March 7, 2016.[24]

Previously, on February 22, 2016, McGuire pleaded guilty in state court to a consolidated count of Sexual Abuse of a Minor in the Second Degree.[25] On May 6, 2016, the state court sentenced him to a 25-year term of imprisonment with 5 years suspended followed by 15 years of probation.[26]

The Presentence Report ("PSR") calculated that McGuire's total offense level was 42, with a criminal history category of I.[27] Given McGuire's offense level and criminal history, the United States Sentencing Guidelines (the "Guidelines") would dictate a sentencing range of 360 months to life in prison.[28] However, each count to which McGuire pleaded guilty carried a statutory minimum of 15-years of imprisonment and a statutory maximum of 30-years of imprisonment. Under these circumstances, the Guidelines range was calculated as 360 to 720 months.[29] On July 6, 2016, after consideration of the PSR and the factors identified in 18 U.S.C. §3553(a), the Court sentenced McGuire to a 240-month term of imprisonment on each count, to run

---

[22] Dkt. 38 at 2.

[23] *Id.*

[24] Dkt. 40 (Minute Entry Change of Plea).

[25] *State of Alaska v. McGuire*, 3AN-14-10779CR.

[26] *Id.* (State Judgment).

[27] Dkt. 42 at 1.

[28] United States Sentencing Commission, Guidelines Manual, Sentencing Table (Nov. 2016)

[29] Dkt. 42 at 29.

concurrently, followed by a lifetime of supervised release.[30] The Court also ordered that McGuire's federal sentence run concurrently with his state sentence.[31]

On May 18, 2017, McGuire filed an initial Motion to Vacate under 28 U.S.C. § 2255 and moved to appoint counsel.[32] McGuire's original Motion to Vacate asserted fifteen grounds for relief.[33] One year later, on May 18, 2018, McGuire, through counsel, filed an Amended Motion to Vacate which narrowed and clarified his asserted grounds for relief.[34] The Amended Motion argues that McGuire's trial counsel, Counsel, was ineffective for four reasons: (1) Counsel failed to seek the suppression of the contents of McGuire's cell phone and a computer password allegedly obtained in violation of defendant's *Miranda* rights; (2) Counsel did not meaningfully advise McGuire regarding his potential sentencing exposure; (3) Counsel failed to effectively advocate for a federal sentence that ran concurrently with a state sentence; and (4) Counsel failed to object to the PSR's offense level calculations.[35] On March 25, 2019, the United States filed a Response, which opposed McGuire's Motion on each ground.[36] On August 9, 2019, McGuire filed a Reply.[37] The Motion has been fully briefed and is now ripe for resolution.[38]

---

[30] Dkt. 52 (Judgment).

[31] *Id.* at 2.

[32] Dkts. 78 and 79 (Motion to Appoint Counsel).

[33] *Id.*

[34] Dkt. 94.

[35] *Id.* at 3–11.

[36] Dkt. 115.

[37] Dkt. 121 (Reply)

[38] Dkt. 94; Dkt. 115; Dkt. 121.

### III.    LEGAL STANDARD

Under 28 U.S.C. § 2255, a district court may "vacate, set aside, or correct" a sentence of a federal prisoner that was imposed in violation of the Constitution or a law of the United States. On a motion for relief under 28 U.S.C. § 2255, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."[39] If the Court determines that relief is warranted, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[40]

However, "the district court may deny a § 2255 motion without holding an evidentiary hearing if '(1) the petitioner's allegations, accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or allege conclusions rather than statements of fact.'"[41] Thus, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."[42] "Section 2255 requires only that the district court give a claim

---

[39] 28 U.S.C. § 2255(b).

[40] *Id.*

[41] *United States v. Geozos*, No. 3:06-CR-082-RRB-JDR, 2010 WL 4942571, at *2 (D. Alaska Nov. 24, 2010) (quoting Dhillon Khosla, 28 U.S.C. § 2255 Checklist/Updated Supplement to Habeas Corpus Outline 5 (2005)); *see also Lopez-Lopez v. United States*, No. CR 05-1242 TUC-DCB, 2006 WL 2850055, at *1 (D. Ariz. Sept. 28, 2006) ("A district court shall summarily dismiss a § 2255 petition '[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'" (quoting Rule 4(b), Rules Governing § 2255 Actions)).

[42] *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

careful consideration and plenary processing, including full opportunity for presentation of the relevant facts."[43]

A. *Ineffective Assistance of Counsel*

A claim of ineffective assistance of counsel is rooted in the Sixth Amendment right to counsel, which is applicable at the plea-bargaining stage of a criminal proceeding.[44] A defendant asserting a claim of ineffective assistance of counsel must satisfy the two-pronged test defined in *Strickland v. Washington*.[45] Under that test, a defendant must show that (1) counsel's performance was deficient, *i.e.*, "fell below 'an objective standard of reasonableness;'"[46] and (2) that the deficiency was prejudicial to the defense, *i.e.*, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[47]

In addressing the first element, the performance prong, judicial scrutiny of an attorney's performance, especially in hindsight, is highly deferential.[48] Attorney conduct should be evaluated from the attorney's perspective at the time of the representation.[49] Generally, an attorney's performance is strongly presumed to fall within the wide range of reasonably professional, competent assistance.[50] "The reasonableness of counsel's actions may be determined or

---

[43] *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989) (internal quotations omitted).

[44] *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). *See also Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

[45] 466 U.S. 668 (1984).

[46] *Silva v. Woodford*, 279 F.3d 825, 836 (9th Cir. 2002) (quoting *Strickland*, 466 U.S. at 688).

[47] *Strickland*, 466 U.S. at 694. *See also United States v. Signori*, 844 F.2d 635, 638 (9th Cir.1988).

[48] *Strickland*, 466 U.S. at 689.

[49] *Id.*

[50] *Id.*

substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant."[51]

The second prong, prejudice, "focuses on the question whether counsel's deficient performance renders the result of . . . the proceeding fundamentally unfair."[52] A reasonable probability that the results of the proceeding would have been different is "a probability sufficient to undermine confidence in the outcome."[53] A defendant must make a greater showing than simply asserting an error that could theoretically have some effect on the outcome of the proceeding, but, a showing by a preponderance of the evidence is not required by *Strickland*.[54]

Thus, a defendant must prove both deficient performance and consequent prejudice to succeed in establishing ineffective assistance.[55] The court may evaluate one or both prongs in determining whether to grant a defendant's habeas petition on these grounds. However, the court need not inquire whether an attorney's performance was deficient if such alleged deficiency could not have resulted in prejudice under *Strickland*. [56]

---

[51] *Id.* at 691.

[52] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[53] *Strickland*, 466 U.S. at 694.

[54] *Duncan v. Ornoski*, 528 F.3d 1222, 1246 (9th Cir. 2008).

[55] *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) ("[P]etitioner bears the burden of establishing both.").

[56] *Pizzuto v. Arave*, 280 F.3d 949, 955 (9th Cir.2002) (citing *Strickland*, 466 U.S. at 697).

*B. Ineffective Assistance of Counsel in Plea Agreements*

"Because 'an intelligent assessment of the relative advantages of pleading guilty is frequently impossible without the assistance of an attorney' . . . counsel have a duty to supply criminal defendants with necessary and accurate information."[57] Where a petitioner alleges ineffective assistance of counsel when entering into a plea agreement, "[t]he longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative causes of action open to the defendant.'"[58] For a guilty plea, a petitioner can only "attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [the range of competence demanded of attorneys in criminal cases]."[59] In addition, to satisfy the prejudice prong of the *Strickland* standard in the context of a guilty plea, a petitioner must "show the outcome of the plea process would have been different with competent advice;" in other words, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial."[60]

## IV.    ANALYSIS

McGuire's Motion raises four grounds for ineffective assistance of counsel: (1) Counsel failed to seek the suppression of the contents of McGuire's cell phone, and a password obtained in violation of defendant's *Miranda* rights; (2) Counsel did not meaningfully advise McGuire of the

---

[57] *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986), *overruled on other grounds by United States v. Rodriguez–Razo*, 962 F.2d 1418 (9th Cir. 1992) (quoting *Brady v. United States*, 397 U.S. 742, 748 n. 6 (1970)).

[58] *Signori*, 844 F.2d at 638 (quoting *Hill*, 474 U.S. at 56).

[59] *Hill*, 474 U.S. at 58 (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

[60] *Lafler*, 566 U.S. at 163.

penalty range he was likely to face after pleading guilty; (3) Counsel failed to effectively advocate for a concurrent sentence; and (4) Counsel failed to object to the PSR's offense level calculations.[61] The United States argues that each of McGuire's assertions are without merit.[62] The Court discusses each ground in turn.

A. *Whether Trial Counsel Was Ineffective For Not Seeking the Suppression of the Contents of McGuire's Cell Phone, and a Password Obtained in Violation of McGuire's* Miranda *Rights*

McGuire first argues Counsel was ineffective for failing to investigate whether APD acquired McGuire's passwords to his laptop and iPhone in violation of his *Miranda* rights.[63] McGuire asserts that "[w]ithout the acquisition of [his] password, it is extremely unlikely that agents would have been able to access the contents of his computer" and without the digital evidence that his conduct crossed-state lines, McGuire would never have faced federal charges.[64] McGuire further asserts that had Counsel investigated the *Miranda* issue and moved to suppress the cell phone and computer contents, "a *Miranda* motion would have been meritorious and there is a reasonable probability that granting the motion would have affected the outcome of the case."[65]

In opposition, the United States argues that McGuire is barred from raising constitutional deprivations that arose before his guilty plea.[66] Additionally, the United States argues that

---

[61] Dkt. 94 at 3–12.

[62] Dkt. 115.

[63] Dkt. 94 at 3.

[64] *Id.* at 7.

[65] *Id.* at 5.

[66] Dkt. 115 at 24. Specifically, the United States argues that McGuire waived such claims under the Plea Agreement. *Id.*

McGuire's claim fails as a matter of fact because the laptop containing the child pornography was not password protected when it was seized.[67] Finally, the United States argues that Counsel's choice not to pursue a motion to suppress during plea negotiations was an informed strategic choice rather than ineffective assistance.[68]

For purposes of the Order, the Court assumes that McGuire is permitted to argue his *Miranda* claim as it relates to the effectiveness of his counsel at trial.[69] Even if, *arguendo*, APD acquired McGuire's passwords through a violation of McGuire's *Miranda* rights. McGuire's claim fails on the merits.[70] To prevail on his claim under *Strickland*, McGuire must show that by not filing a motion to suppress, his trial counsel's performance fell below "an objective standard of reasonableness"[71] and that had trial counsel filed a motion to suppress, there is a reasonable probability that "the result of the proceeding would have been different."[72]

McGuire cannot show deficient performance. "[T]he failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel."[73] As the Ninth Circuit advises, courts

---

[67] *Id.* at 22–23.

[68] *Id.* at 26–27.

[69] *See Kimmelman v. Morrison*, 477 U.S. 365, 379. ("We also reject the suggestion that criminal defendants should not be allowed to vindicate through federal habeas review their right to effective assistance of counsel where counsel's primary error is failure to make a timely request for the exclusion of illegally seized evidence . . . .").

[70] The United States does not argue that APD did not acquire McGuire's passwords in violation of *Miranda*. Instead, the United States argues that whether or not a *Miranda* violation occurred, McGuire suffered no prejudice. Dkt. 115 at 26.

[71] *Strickland*, 466 U.S. at 688.

[72] *Id.*

[73] *Kimmelman*, 477 U.S. at 384.

should evaluate trial counsel's conduct considering "counsel's perspective at the time of the alleged error and in light of all the circumstances,"[74] and apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[75] "In determining whether [Petitioner] received effective assistance of counsel, [courts] will neither second-guess counsel's decisions, nor apply the fabled twenty-twenty vision of hindsight, but rather, will defer to counsel's sound trial strategy."[76] Additionally, courts should view trial counsel's conduct in light of the defendant's statements or actions.[77]

Here, Counsel's decision not to pursue a motion to suppress was reasonable. Counsel's Affidavit attests to his considerations in not pursuing a motion to suppress during plea negotiations.[78] Counsel states that his first consideration was that he and McGuire "began the case looking towards [sic] negotiations and did not have to reach the stage of motion practice."[79] Given the stage of McGuire's case—not yet proceeding to trial—it is not objectively unreasonable that an attorney would decide not to pursue a motion to suppress at that time.

Additionally, contrary to McGuire's assertions, Counsel's decision was made with consideration and investigation of the merits of a *Miranda* claim. Counsel reviewed the audio of

---

[74] *Id.* at 381.

[75] *Strickland,* 466 U.S. at 687. *See also Harrington v. Richter*, 562 U.S. 86 (2011).

[76] *Murtishaw v. Woodford*, 255 F.3d 926, 939 (9th Cir. 2001) (internal quotation and citation omitted).

[77] *Kimmelman*, 477 U.S. at 384.

[78] Dkt. 115-21 (Counsel Affidavit).

[79] *Id.* at 3.

McGuire's initial police contact.[80] He observed that McGuire declined to be interviewed, asserted his right to counsel, and was subsequently asked for the passwords to his devices.[81] Counsel states that, based on what he heard, he did not conclude that the McGuire was in "full custody" at the time of the questioning—a potential bar to a *Miranda* claim.[82] Additionally, Counsel believed that police would have been able to access the devices without the passwords.[83] Therefore, he determined that a motion to suppress would likely be futile in light of the doctrine of inevitable discovery.[84] McGuire does not specifically dispute Counsel's assertions. Instead, McGuire rests on his bare allegations that Counsel failed to investigate.[85]

Based on the record, Counsel's decision not to pursue a motion to suppress during plea negotiations was not objectively unreasonable. Counsel took reasonable steps to investigate McGuire's potential claim and made a reasoned judgment based on his professional determination that a *Miranda* claim was likely futile.[86] Counsel's decision is reinforced by McGuire's indications that he wished to negotiate a beneficial plea agreement rather than go to trial.[87] Therefore,

---

[80] *Id.*

[81] *Id.*

[82] *Id.* at 3–4.

[83] *Id.* at 4.

[84] *Id.*

[85] Dkt. 94 at 3–7. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg,* 24 F.3d 20, 26 (9th Cir.1994).

[86] The Court does not decide whether Counsel's conclusions were in fact correct. Rather, the Court only inquires into whether his investigations and subsequent decisions were reasonable in light of the circumstances.

[87] The United States has provided numerous letters McGuire sent to Counsel, in which McGuire stated that he did not want to go to trial. *See, e.g.*, Dkt. 115-9 at 3 ("I don't want to go to trial [and]

Counsel's decision not to file a motion to suppress does not amount to ineffective assistance of counsel under *Strickland*. Accordingly, McGuire is not entitled to relief on this ground.

### B. *Whether Trial Counsel Meaningfully Advised McGuire of the Penalty Range He was Likely to Face*

McGuire claims that Counsel miscalculated his sentencing exposure, which amounted to ineffective assistance of counsel.[88] McGuire asserts that on February 19, 2016, Counsel calculated that McGuire's total offense level was 35 with an anticipated a Guideline range of 135 to168 months.[89] At the time he entered into the Plea Agreement McGuire claims that he believed that his sentence would be capped at 15 years.[90] However, as calculated by the PSR, McGuire's total offense level was 42, which carried a Guideline range of 360 to 720 months.[91] McGuire now argues that Counsel's error amounts to ineffective assistance, and further contends that he would not have pleaded guilty had he known his Guidelines range was considerably higher than what Counsel had calculated.[92]

A guilty plea is invalid if a defendant does not understand the charges against him or the possible punishment he faces.[93] In the guilty plea context, "the gross mischaracterization of the likely outcome" of a guilty plea "combined with the erroneous advice on the possible effects of

---

drag [Juvenile A] into court."); *Id.* at 13 ("I really don't want to go to trial but I hope that alot [sic] of what I put down here can be used for 'deal making'").

[88] Dkt. 94 at 7–9.

[89] *Id.* at 7.

[90] *Id.* at 7–8.

[91] Dkt. 42.

[92] Dkt. 94 at 8–9.

[93] *Iaea*, 800 F.2d at 866 (citations omitted).

going to trial, falls below the level of competence required of defense [counsel]."[94] However, a "mere inaccurate prediction, standing alone, [does] not constitute ineffective assistance" of counsel.[95] Rather, to show prejudice in the context of a guilty plea, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[96] In the context of a sentencing miscalculation, a defendant suffers no prejudice if a court (1) accurately informs the defendant of the potential sentencing range they would face after pleading guilty, and (2) informs the defendant that the discretion to impose a sentence remained entirely with the court.[97]

For example, in *Doganiere*, a § 2255 petitioner argued he received ineffective assistance of counsel because his trial counsel indicated he would receive a maximum sentence of twelve years imprisonment if he pleaded guilty.[98] However, at sentencing the court sentenced petitioner to fifteen years imprisonment followed by twenty years of probation.[99] Nevertheless, the Ninth

---

[94] *Womack v. McDaniel*, 497 F.3d 998, 1003 (9th Cir. 2007) (internal quotations omitted).

[95] *United States v. Turner*, 881 F.2d 684, 687 (9th Cir.1989), *overruled on other grounds*, *United States v. Rodriguez–Razo*, 962 F.2d 1418 (9th Cir.1992) (quoting *Iaea*, 800 F.2d at 865). *See also Donganiere v. United States*, 914 F.2d 165, 168 (9th Cir.1990); *Riggs v. Fairman*, 399 F.3d 1179, 1182–83 (9th Cir.2005) (finding gross mischaracterization when counsel represented that the maximum sentencing exposure was nine years when actual exposure was 25 years to life).

[96] *Iaea*, 800 F.2d at 865 (quoting *Hill*, 106 U.S. at 59).

[97] *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987). *See also Chua Han Mow v. United States*, 730 F.2d 1308 (9th Cir.1984) (holding petitioner's claim of ineffective representation meritless because the district court adequately informed him of the possible sentence and because he stated at the plea hearing that he was satisfied with his attorney); *United States v. Boniface*, 601 F.2d 390 (9th Cir.1979) (defendant not prejudiced by counsel's statement that he would only get a five-year sentence because court clearly told defendant it was not bound to accept plea agreement).

[98] *Doganiere*, 914 F.2d at 168.

[99] *Id.*

Circuit found that "[petitioner] suffered no prejudice from his attorney's prediction because, prior to accepting his guilty plea, the court explained that the discretion as to what the sentence would be remained entirely with the court."[100]

Similarly, in *Gonzalez*, a § 2255 petitioner argued that his attorney's "gross miscalculation" of his likely sentence under the Guidelines constituted ineffective assistance of counsel.[101] Without discussing whether trial counsel's calculation constituted a "gross miscalculation," the Ninth Circuit found that the petitioner failed to show he suffered prejudice because the sentencing court informed Gonzalez of the maximum possible sentences for the offenses to which he pleaded guilty.[102]

The Court does not inquire into whether Counsel incorrectly calculated McGuire's Guideline range because McGuire cannot show he suffered prejudice. McGuire claims that he suffered prejudice from Counsel's miscalculation because he would not have accepted the Plea Agreement had he known his range would be higher than 15 years.[103] However, this assertion is plainly contradicted by the record. At McGuire's change of plea hearing, he participated in an extended colloquy with the Court:[104]

> THE COURT: All right. And I'm sorry, I may have asked this question, but if I am repeating myself, I have to apologize. Are you satisfied with the work that Mr. Murtagh's done for you in this case?
>
> THE DEFENDANT: Yes, yes.

---

[100] *Id.*

[101] *Gonzalez v. United States*, 33 F.3d 1047, 1048 (9th Cir. 1994).

[102] *Id.* at 1051–52. Furthermore, when asked by the sentencing court whether he was satisfied with his attorney's representation of him, he responded affirmatively. *Id.* at 1052.

[103] *Id.*

[104] Dkt. 106 (Change of Plea Hearing).

. . . .

THE COURT: Yes, thank you -- Page 9. So for Count 1 -- actually, they're the same for both Counts 1 and 4. It's a mandatory minimum of 15 years, up to 30 years of imprisonment, a fine of up to $250,000, a 100-dollar mandatory special assessment -- and again, the fine and special assessment are as to each count -- and not less than -- actually, it should be not fewer than five years and not more than life on supervised release. Do you understand the maximum penalties?

THE DEFENDANT: I do, sir.

THE COURT: Now, the sentence that's imposed might be harsher than the one you expect or even one that the Government recommends. If that happens, as I mentioned before, you're still going to be bound by your guilty plea and unable to withdraw from your plea as long as the punishment that's imposed is consistent with your plea agreement. Do you understand that?

THE DEFENDANT: I do.[105]

The above excerpt shows that not only was McGuire informed by the Court that each of the counts to which he would be pleading guilty carried a statutory sentencing range of 15 to 30 years, but also McGuire was informed that the Court had discretion to impose a harsher sentence than one discussed or expected by the Parties.

Thus, McGuire's claim that he was surprised to learn that his Guideline range was 360 to 720 months when he received the PSR is not credible. Despite Counsel's alleged miscalculations during plea negotiations, the Court accurately informed McGuire of his potential sentencing range and informed McGuire that the discretion to impose a sentence remained entirely with the Court. Therefore, under *Doganiere* and *Gonzalez*, McGuire did not suffer prejudice from Counsel's alleged miscalculations. He was apprised of the potential sentence before he changed his plea and decided to proceed. Accordingly, McGuire is not entitled to relief on this ground.

---

[105] *Id.* at 15 and 23.

### C. Whether Trial Counsel Failed to Effectively Advocate for a Concurrent Sentence

Next, McGuire claims that by failing to challenge certain statements made by the Court during sentencing, Counsel rendered ineffective assistance.[106] McGuire asserts that the Court erroneously indicated that it could order McGuire's federal sentence to run consecutive to his state sentence.[107] McGuire further asserts that when this occurred, Counsel failed to correct the court and did not argue for a concurrent sentence.[108] However, McGuire concedes "[he] ultimately received a fully concurrent sentence. . . ."[109] Therefore, any failure to effectively advocate for a concurrent sentence resulted in no prejudice to McGuire. Accordingly, McGuire is not entitled to habeas relief on this ground.

### D. Whether Trial Counsel Was Ineffective for Failing to Object to the PSR's Offense Calculations

Finally, McGuire claims that he received ineffective assistance of counsel because Counsel failed to raise a meritorious objection to a Guideline enhancement applied by the PSR.[110] Specifically, McGuire contends that Counsel "failed to identify a case that was directly on point" when he objected to the PSR's calculations, which found that McGuire's two counts could not be grouped.[111]

---

[106] Dkt. 94 at 9.

[107] *Id.*

[108] *Id.*

[109] *Id.*

[110] *Id.* at 10.

[111] *Id.*

"An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*."[112] In criminal cases, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."[113] While there is a dearth of case law identifying the bounds of "reasonable" legal research, the Ninth Circuit has recently clarified that in the context of fact investigations "'[t]he duty to investigate and prepare a defense' is flexible, but it 'is not limitless: it does not necessarily require that every conceivable witness be interviewed or that counsel must pursue 'every path until it bears fruit or until all conceivable hope withers.'"[114] Further, "[i]n assessing the reasonableness of an attorney's investigation . . . , a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further."[115]

---

[112] *Hinton v. Alabama*, 571 U.S. 263, 274 (2014) (citing *Williams v. Tayler*, 529 U.S. 362, 395 (2000) (finding deficient performance where counsel "failed to conduct an investigation that would have uncovered extensive records [that could be used for death penalty mitigation purposes], not because of any strategic calculation but because they incorrectly thought that state law barred access to such records"); *Kimmelman*, 477 U.S. at 385 (finding deficient performance where counsel failed to conduct pretrial discovery and that failure "was not based on 'strategy,' but on counsel's mistaken belie[f] that the State was obliged to take the initiative and turn over all of its inculpatory evidence to the defense")).

[113] *Strickland*, 466 U.S. at 691.

[114] *Clark v. Chappell*, No. 14-99005, 2019 WL 4196988, at *21 (9th Cir. Sept. 5, 2019) (quoting *United States v. Tucker*, 716 F.2d 576, 584 (9th Cir. 1983)).

[115] *White v. Ryan*, 895 F.3d 641, 670 (9th Cir. 2018) (quoting *Wiggins v. Smith*, 539 U.S. 510, 524 (2003)).

Here, McGuire concedes Counsel objected to the PSR's Guideline calculation.[116] Counsel argued that McGuire's counts should be grouped in order to avoid an upward adjustment of the total offense level.[117] Furthermore, Counsel maintained this objection in his sentencing memorandum.[118] Nevertheless, McGuire asserts that there was a case on point, *United States v. Tank*,[119] which Counsel did not discover.[120]

McGuire does not—and cannot—credibly allege that Counsel failed to research the issue. In support of his objection, Counsel cited to the commentary of 3D1.2 and accompanying case law demonstrating he examined the Guidelines and related authorities.[121] Therefore, Counsel conducted enough research to support his objection with legal authority. It is not unreasonable that Counsel would stop researching after he found sufficient support to raise a colorable argument. To hold otherwise would require trial counsel to exhaustively research every potential legal source. This standard would be untenable.[122] Although his objection was ultimately unsuccessful, it is well-settled that ineffective assistance of counsel stems from failure to make reasonable efforts

---

[116] Dkt. 94 at 10.

[117] Dkt. 42 at 35; Dkt. 115-21 at 11–14.

[118] Dkt. 46 at 10 (McGuire's Sentencing Memorandum).

[119] 200 F.3d 627, 632 (9th Cir. 2000).

[120] Dkt. 94 at 10.

[121] Dkt. 115-21 at 11–14.

[122] *See, e.g.*, *Clark v. Chappell*, No. 14-99005, 2019 WL 4196988, at *21 (holding a trial counsel's performance was not deficient for failing to present trauma defendant may have suffered in utero where trial counsel investigated and made a substantial presentation of evidence of the defendant's childhood, his abuse, and the resulting effects of both on his mental and psychological development). Like the petitioner in *Clark*, McGuire argues that Counsel was deficient for failing to run down and present every lead. However, the *Clark* Court declined to adopt a standard that would require an exhaustive investigation and presentation.

and not from failure to achieve desired results.[123] McGuire has not alleged that Counsel failed to perform reasonable research efforts and the record does not indicate objectively unreasonable investigation. Therefore, McGuire has failed to demonstrate Counsel's conduct was objectively unreasonable under *Strickland*.[124] Accordingly, McGuire is not entitled to relief on this ground.

McGuire has not shown that he was denied adequate representation as guaranteed under the Sixth Amendment. Accordingly, he is not entitled to relief under § 2255 on the grounds asserted in the Motion.

## V.    CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") is required to appeal a petition brought under 28 U.S.C. § 2255.[125] Under the Federal Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the

---

[123] *Clark v. Chappell*, No. 14-99005, 2019 WL 4196988, at *23 (9th Cir. Sept. 5, 2019) (holding "deficient performance turns not on whether [trial counsel] could have done more but on whether his conduct was deficient according to professional "standards in effect at the time of [petitioner's] trial.""); *Earp v. Cullen*, 623 F.3d 1065, 1074 (9th Cir. 2010) (quoting *Strickland*, 466 U.S. at 689) (noting "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."); *Allerdice v. Ryan*, 395 F. App'x 449, 451 (9th Cir. 2010) (holding that an unsuccessful defense did not constitute ineffective assistance).

[124] Even if Counsel raised the case cited by McGuire, *United States v. Tank*, his objection would have failed. *Tank* held that a district court may group offenses punishable under § 2G2.1. 200 F.3d at 632. *Tank*, however, does not require district courts to group sexual exploitation offenses. Here, McGuire's PSR did not suggest that offenses like McGuire's could never be grouped; rather the PSR stated that, based on the facts of the case, McGuire's "counts cannot be considered to represent essentially one composite harm" and that grouping was inappropriate. Dkt. 42 at 36. Therefore, *Tank* is inapposite here, and McGuire did not suffer any prejudice from Counsel's failure to raise it.

[125] 28 U.S.C. § 2253(c)(1)(B); *United States v. Asrar*, 116 F.3d 1268, 1269 (9th Cir. 1997).

applicant."[126] Where a petitioner makes "a substantial showing of the denial of a constitutional right," a COA should be issued.[127] This standard requires that the petitioner "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further."[128] McGuire's petition does not meet this standard. McGuire's petition is without merit, and his factual contentions are contradicted by the record before the Court. Accordingly, the Court declines to issue a certificate of appealability in this action.

## VI.    CONCLUSION

For the forgoing reasons, McGuire's Motion to Vacate at docket 78 is **DENIED**.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 15 day of October, 2019.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[126] Rules Governing § 2255 Proceedings, Rule 11(a).

[127] 28 U.S.C. § 2253(c)(2).

[128] *United States v. Greene*, No. 3:09-CR-00053-1-TMB, 2015 WL 13670726, at *1 (D. Alaska Apr. 14, 2015) (quoting *Muth v. Fondren*, 676 F.3d 815, 822–23 (9th Cir. 2012)).